615 So.2d 580 (1993)
Ronnie BURTON BY Jean BRADFORD, Adult Next Friend
v.
Shirley A. BARNETT.
No. 90-CA-0394.
Supreme Court of Mississippi.
March 11, 1993.
*581 Laurel G. Weir, Thomas L. Booker, Jr., Weir & Booker, Philadelphia, for appellant.
David T. Wilson, Jr., Minniece Hamill Wilson & Mitts, Louisville, Thomas Y. Minniece, Singley Minniece Firm, Meridian, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and McRAE, JJ.
McRAE, Justice, for the Court:
This appeal arises from a November 9, 1989, decision of the Winston County Circuit Court reforming a jury verdict and finding the appellee, Shirley Barnett, not liable for minor personal injuries sustained by the appellant, Ronnie Burton, in a two-vehicle collision. Finding that the circuit court failed to acknowledge the jury's decision that both parties were equally negligent and to provide the jury with instructions regarding the format for a comparative negligence verdict, we reverse.

I.
Ronnie Burton and Shirley Barnett met by accident on an unpaved road in rural Winston County on August 20, 1988. Shortly thereafter, on September 1, 1988, Burton filed his complaint, asserting that Barnett's negligence proximately caused him to be "seriously and permanently sprained, strained and bruised." Burton's medical bills totalled $341.48. He missed only five or six hours of work, and his physician did not expect him to suffer any permanent disability.
A jury trial was held on November 7, 1989. The circuit court denied Barnett's motion for a directed verdict. During its deliberations, the jury raised a question and was instructed to put it in writing. The message to the judge read as follows:
We the jury find the Plaintiff, as well as, the Defendant to be equally negligent and feel they should assume their expenses and any other obligations. We recommend this case be dismissed.
Your Honor:
If we must follow your instruction C-5 "We, the Jury, find for the Defendant."
We do not wish to
Thank You
After reading the jury's message, the trial court announced that the message was a verdict and reformed the verdict to read:
"We, the Jury, find for the Defendant, Shirley A. Barnett." At the request of Burton's attorney, the jury was polled, which resulted in a 12-0 vote by the jurors. The circuit court then announced:
It is the verdict of the entire jury. It was a unanimous verdict. I ask that it be entered as, we, the jury, find for the Defendant.
*582 On November 15, 1989, Burton filed a motion to set aside the verdict of the jury and judgment of the court, and to grant the plaintiff a judgment notwithstanding the verdict or in the alternative, to grant a new trial, which was overruled by the circuit court.

II.
Burton asserts that the circuit court erred in finding that the question posed by the jury was a verdict and in failing to acknowledge that the jury found that both parties were equally negligent. We agree, limiting our discussion to that issue.
Mississippi is a pure comparative negligence state. Blackmon v. Payne, 510 So.2d 483, 486 (Miss. 1987); Evans v. Journeay, 488 So.2d 797, 799 (Miss. 1986); Bell v. City of Bay St. Louis, 467 So.2d 657, 664 (Miss. 1985). Miss. Code Ann. § 11-7-15 (1972). As a matter of fact, it was the first state in the nation to adopt a complete comparative negligence doctrine. Under the comparative negligence doctrine, negligence is measured in terms of percentage, and any damages allowed shall be diminished in proportion to amount of negligence attributable to the person for whose injury, damage or death recovery is sought. Where negligence by both parties is concurrent and contributes to injury, recovery is not barred under such doctrine, but plaintiff's damages are diminished proportionately, even to the extent that negligence on the part of the plaintiff was ninety percent (90%) and on the part of the defendant was ten percent (10%), the plaintiff would be entitled to recover theoretically that ten percent. Therefore, a plaintiff, though himself negligent, may still recover from a defendant whose negligence contributed to his injuries. Blackmon, 510 So.2d at 486. Comparative negligence thus diminishes but does not bar recovery. Bell, 467 So.2d at 664. The jury was so instructed as follows:
You are instructed that if you believe from a preponderance of the evidence in this case that the plaintiff, Ronnie Burton, was guilty of negligence which proximately contributed to the accident, and if you, further, believe from the evidence in this case that the defendant, Shirley A. Barnett, was, also, guilty of negligence which proximately contributed to the accident, and if you believe that Ronnie Burton is entitled to damages, it will be your sworn duty to reduce the amount of damages awarded to Ronnie Burton in the same proportion that the negligence, if any, of Ronnie Burton bears to the negligence of Shirley A. Barnett.
Burton has not challenged this instruction in his appeal.
At the end of the jury's deliberations, the jury sent a message to the trial judge indicating that it had found both parties equally negligent and seeking guidance with respect to the form of the verdict. The message read as follows:
We the jury find the Plaintiff, as well as, the Defendant to be equally negligent and feel they should assume their expenses and any other obligations. We recommend this case be dismissed.
Your Honor:
If we must follow your instruction C-5 "We, the Jury, find for the Defendant."
We do not wish to
Thank You
Instruction C-5, to which the jury referred, reads as follows:
Your verdict will be written on a separate sheet of paper. Need not be signed by you. It may be in either one of the following forms:
If you find for the Plaintiff,
"We, the Jury, find for the Plaintiff, ____, and assess ____ damages at $ ____."
If you find for the Defendant,
"We, the jury, find for the Defendant."
Clearly, the instruction provides no alternative form for the rendering of a comparative negligence verdict. However, when a comparative negligence instruction is given, in addition to the form of the verdict stated above, the following language could also be included:
If you find both parties negligent, the form of your verdict may be:

*583 We, the jury, find plaintiff and defendant negligent and that plaintiff is responsible for ____% of the damages. We find plaintiff's damages to be $ ____."
On appeal, this Court does not review jury instructions in isolation; rather, they are read as a whole to determine if the jury was properly instructed. Payne v. Rain Forest Nurseries, Inc., 540 So.2d 35, 40 (Miss. 1989); Byrd v. F-S Prestress, Inc., 464 So.2d 63, 66 (Miss. 1985); Jackson v. Griffin, 390 So.2d 287, 290 (Miss. 1980). Defects in specific instructions do not require reversal "where all instructions taken as a whole fairly  although not perfectly  announce the applicable primary rules of law." Payne, 540 So.2d at 40; Purina Mills, Inc. v. Moak, 575 So.2d 993, 996 (Miss. 1990); Middleton v. Evers, 515 So.2d 940, 942 (Miss. 1987); Allen v. Blanks, 384 So.2d 63, 65 (Miss. 1980). However, if those instructions do not fairly or adequately instruct the jury, we can and will reverse. Despite the application of the law of contributory negligence to the facts of the case in Instruction D-10, no separate instruction defining comparative negligence was given to the jury. Further, Instruction C-5 does nothing to clarify the basic premise that the plaintiff's negligence is not a bar to recovery nor does it provide a format for an apportionment of fault or damages.
The circuit court's reformation of the verdict to find for the defendant without mention of damages was unresponsive to the jury's query for further instructions and failed to address its finding that both parties were equally negligent. Unfortunately, the trial court failed to adequately address the manifest confusion of the jury in a manner which would enable us to conclude that the verdict rendered was fairly reached. See Harrison v. Smith, 379 So.2d 517, 518-19 (Miss. 1980) (Error for judge to reform verdict in favor of defendant instead of requiring jury to clarify verdict, which despite comparative negligence instruction found "both plaintiff and defendant negligent to a degree with no damages assessed.") No matter how paltry the damages sought nor how late the hour of the day, the jury must be fairly and properly instructed in the applicable rules of law.
Finding that the circuit court erred in failing to adequately instruct the jury and in reforming the verdict without full regard for the jury's decision, we reverse and remand for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.