854 So.2d 1093 (2003)
Sandra and Andrew BREAUX, Appellants,
v.
GRAND CASINOS OF MISSISSIPPI, INC.-GULFPORT, Appellee.
No. 2002-CA-01066-COA.
Court of Appeals of Mississippi.
September 23, 2003.
*1095 John B. Perry, Booneville, attorney for appellant.
Steven Alfred Kohnke, and Fred Mannino, Biloxi, attorneys for appellee.
Before KING, P.J., LEE and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Sandra Breaux was injured when she tripped over an expansion joint in the parking garage of the Grand Casino in Gulfport. She claimed to have sustained permanent injuries to her arm and, together with her husband, filed suit for damages against the casino. The jury returned a verdict in favor of the casino. Finding no error, we affirm.

FACTS
¶ 2. On June 19, 1999, Sandra Breaux accompanied a friend to the Grand Casino in Gulfport. They parked in the casino parking garage on the third level. They were walking toward the casino when Mrs. Breaux tripped over an expansion joint in the garage. She fell forward and landed on her right arm. After the fall, Mrs. Breaux and her friend reported the incident to the appropriate casino personnel. An incident report was completed, which included a voluntary statement by Mrs. Breaux. The incident report documented a "minor abrasion to right elbow" and stated that Mrs. Breaux's injury was cleaned and gauze was applied. No ambulance was called, and Mrs. Breaux decided to stay at the casino and gamble with her friend.
¶ 3. Approximately three days later, Mrs. Breaux went to see her physician, Dr. Sharp, who referred her to Dr. Butler, a board certified orthopaedic surgeon. Mrs. Breaux complained of pain. In the summer of 2000, Mrs. Breaux underwent surgery to her shoulder. Thereafter, she had rotator cuff surgery in September of 2001.
¶ 4. On October 2, 2000, Mr. and Mrs. Breaux filed a complaint in the Circuit Court of Harrison County alleging that the casino was liable and responsible for her fall and injury to her shoulder. In March of 2002, this case was heard by a jury, and the jury returned a verdict in favor of the casino.
¶ 5. Mr. and Mrs. Breaux have appealed asserting that the trial court erred in granting the casino's jury instructions D-1A and D-2 and that the jury verdict was clearly erroneous or against the overwhelming weight of the evidence.

ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN GRANTING THE CASINO JURY INSTRUCTIONS D-1A AND D-2.
¶ 6. Mr. and Mrs. Breaux argue the trial court erred by granting jury instructions D-1A and D-2 offered by the casino. They contend that these instructions were a misstatement of applicable law. Jury instruction D-1A read:

*1096 The court instructs the jury that the burden of proof rests upon the Plaintiffs, SANDRA BREAUX and ANDREW BREAUX, to prove their cases by a preponderance of the evidence. Before you may return a verdict in favor of the Plaintiffs against Defendant, GRAND CASINOS OF MISSISSIPPI, INC.-GULFPORT, you must believe by a preponderance of the evidence:
(1) that an expansion joint constituted a part of the third level of the upramp of the Grand Casino parking garage; and
(2) that the expansion joint constituted a dangerous or hazardous condition on the third level upramp of the garage; and
(3) that such condition constituted an unreasonable risk of harm to a person walking on the third level of the driving portion of the upramp while exercising ordinary and reasonable care for her own safety; and
(4) that such condition, if any, was one that Defendant, GRAND CASINOS, in the exercise of ordinary and reasonable care, could reasonably have foreseen would result in injury to a person walking upon the third level of the driving portion of the upramp of the parking garage of the Casino while exercising ordinary and reasonable care for her own safety; and
(5) that such failure on the part of Defendant, GRAND CASINOS, if any, was the proximate cause or a contributing proximate cause of the fall and injuries, if any, sustained by Plaintiff, SANDRA BREAUX; and
if Plaintiffs have failed to prove any one of the above elements by a preponderance of the evidence, then it is your duty to return a verdict for Defendant, GRAND CASINOS OF MISSISSIPPI, INC.-GULFPORT.
Jury instruction D-2 read:
The owner or operator of business premises owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition, and if the owner or operator is aware of a dangerous condition which is not readily apparent to his customers, he is under a duty to warn the customers of such condition. However, the owner or operator of the premises does not guarantee the safety of the customers, and he is not required to keep his premises in an absolutely safe condition or in a condition in which no accident could possible [possibly] happen.
If you find from a preponderance of the evidence in this case
(1) that the presence of the expansion joint on the third level of the parking garage was not a hazard and that Defendant, GRAND CASINOS, provided a reasonably safe place for its patrons, such as the Plaintiff, or
(2) that the presence of the expansion joint was a hazard but that it was a usual, expected, and necessary structure in a multistory parking garage, that it was readily apparent and open and obvious under the conditions then existing, and was not a hazard to one exercising reasonable care for her own safety while walking upon the premises, then it shall be your duty to return a verdict for Defendant, GRAND CASINOS OF MISSISSIPPI, INC.-GULFPORT, even though you find that the accident happened and that the Plaintiff, SANDRA BREAUX, was injured.
¶ 7. Mr. and Mrs. Breaux argue that these instructions were improper on two grounds. First, the instructions, especially D-1A, discuss how "foreseeable" it was *1097 for someone to have been injured by the expansion joint, rather than if the casino knew or should have known about its unsafe nature. Second, with regard to D-2, they contend that it was improper because it specifically addresses the open and obvious defense, which they argue is no longer a viable defense in Mississippi.
¶ 8. On appeal, we do not review jury instructions in isolation; rather, they are read as a whole to determine if the jury was properly instructed. Payne v. Rain Forest Nurseries, Inc., 540 So.2d 35, 40 (Miss.1989). Defects in specific instructions do not require reversal "where all instructions taken as a whole fairlyalthough not perfectlyannounce the applicable primary rules of law." Id. However, if those instructions do not fairly or adequately instruct the jury, reversal is appropriate. Id.
¶ 9. Keeping this standard in mind, we review the applicable legal principles to determine if the jury instructions contained a misstatement of law. This case is, of course, one sounding in negligence. The law regarding negligence in this State is well settled. Mr. and Mrs. Breaux had the burden to show, by a preponderance of the evidence, (a) a definable duty on the casino's part, (b) a breach of that duty, (c) an injury to Mrs. Breaux proximately caused by that breach, and (d) actual loss or damage arising out of the injury. Carpenter v. Nobile, 620 So.2d 961, 964 (Miss.1993).
¶ 10. The duty owed by the casino to Mrs. Breaux is found in this State's laws relating to premises liability. As a casino patron, Ms. Breaux occupied the position of a business invitee. Payne, 540 So.2d at 37. The casino's duty, as the entity in control of the premises, was to maintain the premises, which would reasonably extend to the parking lot intended for the use of invitees such as Mrs. Breaux, in a reasonably safe condition. Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 773 (Miss.1992). "The owner of a business is not an insurer of the customers... and is not liable for injuries caused by conditions which are not dangerous or which are or should be known or obvious to the customer. He is not required to keep the premises absolutely safe, or in such a condition that no accident could possibly happen to a customer." Ball v. Dominion Ins. Corp., 794 So.2d 271, 273 (¶ 13) (Miss.Ct.App.2001) (citations omitted).
¶ 11. We must also review the principles of comparative negligence. Our supreme court has set forth the premise that there may be more than one proximate cause to a negligent act. King v. Dudley, 286 So.2d 814, 817 (Miss.1973). The defendant may be negligent, but so too may be the plaintiff. Id. When this is the case, our comparative negligence law applies. Bradford v. Barnett, 615 So.2d 580, 582 (Miss.1993). Under comparative negligence, a percentage of fault is allocated between the plaintiff and the defendant. Id. This law is not applicable if the negligence of the injured party is the sole cause of the injuries or where the sole cause is the defendant's negligence. Id. If both the plaintiff and defendant are negligent, then the jury must be instructed on the law of comparative negligence. Id. at 583.
¶ 12. In considering the jury instructions as a whole, we note the following instructions were also given:
Jury Instruction C2-A read:
You are instructed that Mississippi law provides for comparative negligence; that is, more than one party may be responsible for causing a person's injury. In this case the defendant, Grand Casinos of Mississippi, Inc,-Gulfport, has pled that Sandra Breaux was negligent *1098 in contributing to cause her injury. Just as the plaintiff has the civil burden of proof of proving her case by a preponderance of the evidence, so too must the defendant prove negligence on the part of the Plaintiff, Sandra Breaux by preponderance of the evidence and that such negligence contributed to the cause of her injury.
Jury Instruction P-10 read:
The owner, occupant, or person in charge of premises owes to invitees or business visitors thereon the duty of exercising reasonable care to keep the premises in a reasonably safe and suitable condition, or of warning invitees or business visitors of hidden or concealed perils of which it knows or should know in the exercise of reasonable care.
¶ 13. Considering the applicable law in this case and the jury instructions as a whole, we cannot say the trial judge erred in granting instructions D-1A and D-2. Both parties have the right to embody their theories of the case in the jury instructions, provided there is testimony to support it. Murphy v. Burney, 27 So.2d 773, 774 (Miss.1946). In this instance, the evidence supported the contested instructions. Additionally, the jury was given other instructions which fairly instructed them on all applicable elements of liability and damages to be considered. The instructions as a whole, while we may have preferred different language, properly announced the law in Mississippi with regard to premises liability as well as comparative negligence. We find no error and affirm on this assignment of error.

II. WHETHER THE JURY'S VERDICT WAS CLEARLY ERRONEOUS AND AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 14. "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Herrington v. Spell, 692 So.2d 93, 103 (Miss.1997). The jury is the ultimate judge of the weight of the evidence and the credibility of the witnesses. Jackson v. Griffin, 390 So.2d 287, 289 (Miss.1980). "Because of the jury verdict in favor of the appellee, this Court will resolve all evidentiary conflicts in the appellee's favor and will draw all reasonable inferences which flow from the testimony given in favor of the appellee." Southwest Miss. Reg'l Medical Ctr. v. Lawrence, 684 So.2d 1257, 1267 (Miss.1996) (quoting Bobby Kitchens, Inc. v. Mississippi Ins. Guar. Assoc., 560 So.2d 129, 131 (Miss.1989)). We will not set aside the jury's verdict unless the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Herrington, 692 So.2d at 104.
¶ 15. The crux of Mr. and Mrs. Breaux's argument rests on a note sent by the jury to the judge during deliberations. Prior to the conclusion of jury deliberations, the jury sent a note to the judge which said: "[I]f we find for the Grand can we assess the Grandto paint markings at the expansion joints?" Mr. and Mrs. Breaux argue this note proves that a hazardous condition was established and appreciated by the jury. They claim this note is proof the jury instructions misled the jury into concluding that the casino was not liable since the condition was open and obvious to Mrs. Breaux. This interpretation of the jury's note is speculative. In truth, we do not know the meaning of the note or the intention behind it. We can only review the unambiguous verdict in favor of the casino.
*1099 ¶ 16. Furthermore, ample evidence was presented by the casino to rebut the claims of Mr. and Mrs. Breaux. The casino called Mrs. Breaux's credibility into question when she admitted to staying at the casino until the morning after her fall. The casino conducted an extensive cross-examination of Mr. and Mrs. Breaux's safety expert and refuted significant portions of his testimony. The casino offered two witnesses to rebut Mrs. Breaux's claim that the parking garage was poorly lit. The casino offered a medical expert who testified that Mrs. Breaux's injury was a degenerative problem, not the result of the fall at the casino.
¶ 17. As discussed above, the jury was entitled to weigh the evidence and credibility of the witnesses. The casino presented credible proof to challenge the theory that Mrs. Breaux's fall was due to the negligence of the casino or that it was the proximate cause of her injury. We find that there was sufficient evidence to support the jury's verdict. Accordingly, we find that this issue is without merit, and we affirm the jury's verdict.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES, J.
IRVING, J., DISSENTING.
¶ 19. With respect for the majority, I must dissent to its finding that the granting of instruction D-2 was proper and does not warrant a reversal of this case.
¶ 20. I agree with the Breauxes that instruction D-2 resurrected the "open and obvious" defense and allowed the jury to exonerate Grand Casinos even if it found that Grand Casinos knowingly permitted a hazardous condition to exist on its premises. The giving of other proper instructions was not sufficient, in my view, to cure the problem and confusion caused by this instruction. D-2 is a very convoluted instruction which masterfully camouflages its mission: to stealthily and subliminally embed the "open and obvious" defense in the consciousness of the jury.
¶ 21. I further agree with the Breauxes that the jury's note is irrefutable proof that instruction D-2, in all probability, robbed them of a verdict. It may be that such a verdict would have been coupled with a finding of comparative negligence, but a verdict nevertheless. I cannot fathom the majority's view that attempting to interpret the meaning of the jury's note amounts to nothing less than a speculative foray into the unknowable minds of the jury. The note speaks more eloquently than anything I can say: "If we find for the Grandcan we assess the Grandto paint markings at the expansion joints?" There would be no reason to paint markings at the expansion joints except to warn a would-be passerby that he is approaching a dangerous area that might not be readily detectable during his course of travel. Likewise, there would be no desire to "assess the Grand [Casinos]" unless the jury believed that the Grand Casinos had failed to do something that it should have done and that its failure had caused injury to Mrs. Breaux. The message of the jury's note indicates to me that the jury believed that, while Mrs. Breaux might have been negligent, Grand Casinos was also negligent.
¶ 22. For the reasons presented, I respectfully dissent. I would reverse and *1100 remand this case for a new trial with proper jury instructions.
BRIDGES, J., JOINS THIS SEPARATE WRITTEN OPINION.