IRVING, J.,
for the Court.
¶ 1. Barry Joe Roberts was convicted by a Panola County jury of aggravated assault. He was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections, with five years post-release supervision. Aggrieved, Robert now argues on appeal that the trial judge erred in granting the State’s self-defense jury instruction and in denying his proposed instruction.
¶ 2. Finding no reversible error, we affirm Robert’s conviction and sentence.
FACTS
¶ 3. On the night of March 2, 2003, Terry Shields encountered Barry Joe Roberts and Roberts’s son, Chase, while at a local nightclub.[1] What transpired next is the subject of dispute.
¶ 4. At trial, Shields testified that while at the club Roberts walked by him and stated that he was going to “f— him up.” Shields stated that shortly thereafter Chase struck him in the back of the head with a beer bottle. In response, Shields hit Chase and knocked him down to the dance floor. Shields further testified that he then turned around and observed Roberts approaching him with a pocketknife. Shields stated that he attempted to swing at Roberts to stop him, but Roberts stabbed him four times in the abdomen, causing him to sustain critical injuries.[2]
¶ 5. Roberts, however, gave a different version of events. Roberts testified that when he saw Shields and Chase fighting, he attempted to break the two up. He stated that Shields then hit him in the head and knocked him to the floor. Roberts testified that because he was afraid that Shields would harm him and Chase, *575 he panicked and stabbed Shields with the knife. Roberts was subsequently indicted and convicted of aggravated assault. Additional facts will be related during our discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. In his sole assignment of error, Roberts argues that the trial judge erred in granting instruction S-2 and in denying instruction D-7, which was offered as an alternative to instruction S-2. Instruction S-2, the State’s self-defense instruction which referred to Shields as a “victim,” instructed the jury as follows:
The Court instructs the Jury that to make an Aggravated Assault justifiable on the grounds of self-defense, the danger to the Defendant or another must be either actual, present and urgent, or the Defendant must have reasonable grounds to apprehend a design on the part of the victim to kill him or another or to do him or another some great bodily harm; and, in addition to this, he must have reasonable grounds to apprehend that there is imminent danger of such design being accomplished. It is for the jury to determine the reasonableness of the ground upon which the Defendant acts.
If you, the jury, unanimously find that the Defendant, Barry Joe Roberts, acted in self-defense, or in the defense of another then it is your sworn duty to return a verdict of not guilty.
¶ 7. During the jury instruction conference, Roberts made the following objection to instruction S-2:
The only objection I would have, Your Honor, pursuant to Uniform Circuit and County Court Rule 3.07 is in the fourth line the word “victim,” the name “Terry Shields, Sr.” should be substituted for that. And the argument to support that would be that Mr. Kelly has basically made Mr. Roberts out to be the aggressor in this case. I have done the best I can to make Mr. Shields out to be the aggressor in this case, that Mr. Roberts acted in self-defense of himself or another, and, therefore, the name “Terry Shields, Sr.” should be substituted in lieu of the word “victim.... ”
¶ 8. Thereafter, Roberts proposed the following instruction (D-7) as an alternative to instruction S-2:
The court instructs the jury that to make an aggravated assault justifiable on the grounds of self-defense, the danger to the defendant must be either actual, present and urgent, or the defendant must have reasonable grounds to believe that Terry Shields, Sr. intended to kill the defendant or another or do him some great bodily harm, and in addition to this, he must have reasonable grounds to believe that there is imminent danger of such act being accomplished. It is for the jury to determine the reasonableness of the grounds upon which the defendant acts. If you, the jury, unanimously find that the defendant acted in self-defense, then-it is your sworn duty to return a verdict in favor of the defendant.
¶ 9. As is readily apparent, instruction D-7 contains language identical to the language in instruction S-2, except it replaces the word “victim” with the name “Terry Shields, Sr.” and changes the phrase, “a verdict of not guilty,” to the following phrase: “a verdict in favor of the defendant.” Roberts contends that the use of the word “victim” implied that he was guilty and impaired the jury’s ability to impartially consider the evidence.
¶ 10. The law is clear that “ ‘[w]hen considering a challenge to a jury instruction on appeal, we do not review the jury instructions in isolation; rather, we *576 read them as a whole to determine if the jury was properly instructed.’ ” Milano v. State, 790 So.2d 179, 184(¶ 14) (Miss.2001) (quoting Burton ex rel. Bradford v. Barnett, 615 So.2d 580, 583 (Miss.1993)). “[I]f all instructions taken as a whole fairly, but not necessarily perfectly, announce the applicable rules of law, no error results.” Milano, 790 So.2d at 184(¶ 14). Here, a review of the jury instructions given by the trial court reveals that when read together, the instructions set forth an adequate statement of the law on self-defense. Further, the jury was properly instructed as to the theory of Roberts’s case, that is, if it found that he was acting in self-defense or in the defense of others, it was to find him not guilty.
¶ 11. We find that the trial judge did not err in granting instruction S-2, nor did he err in refusing instruction D-7. We are not persuaded that the use of the term “victim” prejudiced the jury against Roberts in its determination of whether Roberts acted in defense of himself or in defense of his son, Chase. The jury was well aware that Shields had been stabbed by Roberts, making Shields a victim, for a victim is one who has been harmed or injured by another. The AMERICAN HeRItage College DictionaRY 1404 (3rd ed.1997). The question was not whether Shields was a victim, but whether he became a victim as a result of his own aggression or as a result of Roberts’s unjustified aggression against him. On this issue, the jury was properly instructed. Therefore, this issue lacks merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF CONVICTION OF AGGRAVATED ASSAULT WITH A DEADLY WEAPON AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS POST-RELEASE SUPERVISION IS AFFIRMED. DEFENDANT IS FURTHER ORDERED TO PAY $100 TO THE CRIME VICTIMS COMPENSATION FUND WITHIN SIX MONTHS OF RELEASE FROM MDOC. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.

. Shields testified that he was acquainted with Roberts and Chase because they all lived in the same neighborhood. Shields also testified that he had previously bought marijuana from Chase while working as an informant with the sheriff’s office, which resulted in Chase serving time in prison.

. Shields's small intestine and a blood vessel in his stomach were cut in half, and he received a laceration to his pancreas.