RUSSELL, J.,
dissenting:
¶ 40. The majority finds Green Tree could not be held liable because Lutricia and Lonnie provided false information to Nurse Logan during the Lonnie’s 2007 PPE. I disagree. In my view, there was substantial credible evidence to support the jury’s verdict that Green Tree negligently conducted Lonnie’s physical examination. The fact-finder then properly determined that Lutricia and Lonnie were partly responsible and apportioned fifty- *757 percent fault to them. Therefore, I dissent.
¶ 41. Our standard of review is as follows:
The standard of review for a JNOV “tests the legal sufficiency of the evidence supporting the verdict, not the weight of the evidence.” When confronted with a motion for a JNOV, the trial judge must: consider the evidence in the light most favorable to the non-moving party, giving that party the benefit of all favorable inferences that reasonably may be drawn therefrom. The trial court should consider the evidence offered by the non-moving party and any uncontradicted evidence offered by the moving party. If the evidence thus considered is sufficient to support a verdict in favor of the non-moving party, the motion for a JNOV must be denied. “If there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required.”
Penny Pinchers v. Outlaw, 61 So.3d 245, 248 (¶ 11) (Miss.Ct.App.2011) (internal citations omitted). Further, “[t]he judge may not substitute his judgment for that of the jury merely because he would have decided the matter differently.” Shelton v. Coleman, 323 So.2d 90, 91 (Miss.1975).
¶ 42. It is well established that Mississippi follows the doctrine of comparative negligence. The Mississippi Supreme Court held:
Mississippi is a pure comparative negligence state. As a matter of fact, it was the first state in the nation to adopt a complete comparative negligence doctrine. Under the comparative negligence doctrine, negligence is measured in terms of percentage, and any damages allowed shall be diminished in proportion to amount of negligence attributable to the person for whose injury, damage[,] or death recovery is sought. Where negligence by both parties is concurrent and contributes to injury, recovery is not barred under such doctrine, but [the] plaintiffs damages are diminished proportionately, even to the extent that negligence on the part of the plaintiff was ninety percent (90%) and on the part of the defendant was ten percent (10%), the plaintiff would be entitled to recover theoretically that ten percent. Therefore, a plaintiff, though himself negligent, may still recover from a defendant whose negligence contributed to his injuries. Comparative negligence thus diminishes but does not bar recovery.
Burton ex rel. Bradford v. Barnett, 615 So.2d 580, 582 (Miss.1993) (internal citations omitted). Our comparative-negligence statute states:
In all actions hereafter brought for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property.
Miss.Code Ann. § 11-7-15 (Rev. 2004). Thus, where fault is attributable to the plaintiff and the defendant, damages must be apportioned to each according to each person’s or entity’s percentage of fault. Id.
¶43. In the instant case, Lonnie and his mother, Lutricia, provided some false information regarding Lonnie’s personal *758 and family medical history to Nurse Logan during Lonnie’s 2007 PPE. However, there was testimony that Green Tree was also at fault. Dr. Leggett testified that Lonnie’s blood pressure was elevated at the time of his PPE, one day prior to his death; Lonnie was severely obese; and as an African American male, Lonnie was in a high-risk group for sudden cardiac arrest. Although other testimony refuted these allegations, the weight and credibility to be assessed to the witnesses is for the jury. See Partin v. N. Miss. Med. Ctr., Inc., 929 So.2d 924, 931 (¶24) (Miss.Ct.App.2005) (noting that the weight and credibility of expert witnesses are matters left to the jury). Dr. Leggett also testified that Nurse Logan “missed an opportunity to set [Lonnie] aside and say, we need to further evaluate [Lonnie] before we allow [Lonnie] to participate in sports. And with that said, it is my belief that the standard of medical care was not met.”
¶ 44. Further, Green Tree failed to retain a copy of Lonnie’s 2005 PPE performed by a different nurse, Nurse Ogles-bee, at Green Tree. The 2005 PPE record revealed that Nurse Oglesbee refused to clear Lonnie for sports until he saw another doctor due to Lonnie’s elevated blood pressure. Nurse Oglesbee testified Lonnie’s 2005 PPE record was given to Lonnie’s coach, and Green Tree did not retain a copy of the same. Nurse Oglesbee further testified Lonnie’s coach eventually gave the 2005 PPE report back to Lonnie’s mother so she could take it to their primary doctor. Referring to the 2005 PPE report, Dr. Leggett testified that “[t]here’s absolutely no excuse in my mind [for Green Tree] to not have information in 2005 available to [them] in 2007.” More importantly, Dr. Leggett testified that Green Tree’s failure to retain the 2005 record was a breach of the standard of care, stating:
Well, if the assumption is that they didn’t have access to the [2005] record, then that is absolutely below the standard of care because that record should have been available in their office. It was produced in their office by one of the medical staff in their office. It was produced two years before the August 7th visitation. That information should have been available to the person caring for this patient. I mean, that is — you know, this is — this is basic fundamentals. I can’t make a decision about you — if someone in my office has seen you two years earlier and I don’t have that information, that impairs my ability to make a good decision. I need that information to either make a comparison of where you were then to where you are now, or I need that information to help me decide where we are going forward from here. So you know, that information is, I mean, that’s elementary. That’s totally necessary.
¶ 45. Despite the fact that Green Tree failed to retain Lonnie’s 2005 PPE record, Green Tree did retain a copy of Lonnie’s 2006 PPE, and it did keep a medical chart for Lonnie. Therefore, based on the facts of this case, I find there is substantial evidence to support the jury’s verdict finding that Green Tree was negligent. Because the doctrine of comparative negligence “diminishes but does not bar recovery[,]” I would hold that Lutricia is entitled to recover a portion of the damages not attributable to her and Lonnie’s own negligence. Barnett, 615 So.2d at 582.
¶ 46. For the above reasons, I would reverse the circuit court’s order granting Green Tree’s JNOV motion and dismissing Green Tree with prejudice, and I would reinstate the jury verdict allocating 50% fault to Green Tree and 50% fault to Lutri-cia and awarding Lutricia damages in the amount of $375,000 with interest. Alterna *759 tively, I would reverse and remand this case for a new trial.
IRVING, P.J., JOINS THIS OPINION.