## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-01670-COA

**BEN TODD**                                                                                      **APPELLANT**

**v.**

**McCLAIN, McCLAIN, McCLAIN, INC.**                                          **APPELLEE**

DATE OF JUDGMENT:              03/29/2018
TRIAL JUDGE:                  HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED:    HINDS COUNTY CIRCUIT COURT,
                              FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:       SHANDA M. YATES
ATTORNEYS FOR APPELLEE:       PATRICK M. TATUM
                              STEVEN CAVITT COOKSTON
NATURE OF THE CASE:           CIVIL - PERSONAL INJURY
DISPOSITION:                  AFFIRMED - 09/08/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., GREENLEE AND McCARTY, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. After falling in a Sonic Drive-In, Ben Todd filed a premises-liability action in the Hinds County Circuit Court against McClain, McClain, McClain, Inc. (hereinafter "McClain"), McClain Sonics Inc., XYZ Corporation 1-10, and John Does 1-10. The case was tried before a Hinds County Circuit Court jury. Following deliberation, the jury found that Todd failed to prove by the preponderance of the evidence that McClain was negligent. Todd appeals, claiming the circuit court committed reversible error by giving Jury Instruction Number 12 and by permitting unreliable expert testimony. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     Around 11:30 a.m. on September 24, 2013, Todd drove to the Sonic Drive-In for lunch.[1]  Testimony shows that it rained earlier in the day.  When he arrived, Todd exited his vehicle and entered through its "double doors."  Inside, Todd worked his way around three or four customers and started toward the cashier.  As Todd stepped off the mat, he fell "in front of the trash [cans]."  According to Todd, "[t]he floor was damp [and] slippery," and "it felt like it had been mopped."  As a result of the fall, Todd suffered injuries, including a torn rotator cuff and fractured shoulder.[2]

¶3.     On October 27, 2015, Todd filed suit in the Hinds County Circuit Court against McClain, McClain Sonics Inc., XYZ Corporation 1-10, and John Does 1-10.[3]  McClain answered the complaint on December 4, 2015.  After a year and a half of discovery, McClain moved for summary judgment, arguing that Todd failed to set forth genuine issues of material fact.[4]  The court denied the summary judgment motion.  On May 23, 2017, Todd filed an amended complaint, and McClain answered on June 15, 2017.[5]

¶4.     The suit was tried before a jury on March 19-21, 2018.  In his case-in-chief, Todd presented six witnesses, including himself.  The theory of Todd's case was that the restaurant

---

[1] At this particular Sonic, customers may either order inside the lobby or through the drive-thru.

[2] The record shows Todd incurred medical expenses in the amount of $50,274.12.

[3] McClain Sonics Inc. answered the complaint on December 16, 2015.  On August 8, 2016, the circuit court entered an agreed order dismissing McClain Sonics Inc. as a party in the suit.

[4] We note that the summary judgment motion is not included in the record.

[5] The amended complaint is not in the record.

was not kept in a reasonably safe condition for customers. In attempting to prove his theory, Todd called several witnesses, including Sonic employees, as adverse witnesses. The employees testified that there was not any water on the floor. They also testified that there was a wet-floor sign and caution cones located in the lobby on the day he fell. According to the employees, it was routine for employees to keep the warning sign and caution cones in the lobby. The employees also testified that they had not seen anyone mop the lobby. Todd disputed this testimony. Todd testified that an employee was mopping the opposite side of the lobby at the time he fell. He also testified that a caution cone was present in that area, but contended that there was no caution cone present in the area that he fell.

¶5.     Following Todd's case-in-chief, McClain moved for a directed verdict. The motion was denied.

¶6.     McClain used an expert witness to present the theory that Todd tripped and fell on the day in question. David Johnson was tendered as an expert in the field of human factors and as a safety expert. Johnson testified that Todd traversed sixty-three inches from the moment he tripped to the moment he landed on his hands in knees.

¶7.     After its deliberation, the jury found that McClain was not negligent. Todd then filed the instant notice of appeal.

## DISCUSSION

¶8.     Todd raises the following two issues on appeal: (1) whether the circuit court erred by giving Jury Instruction Number 12; and (2) whether David Johnson's expert testimony was reliable. We address each issue in turn.

3

## I. Whether the circuit court erred by giving Jury Instruction Number 12.

¶9.     At trial, Todd proposed instruction "P-3."  McClain objected, arguing that the court should add to the instruction, "[I]f you find that the plaintiff has failed to prove these things[,] then you're to return a verdict for the defendant."  In response to McClain's objection, Todd stated to the court, "[That is] already on the verdict form."  After further discussion, the court took the instruction under advisement.

¶10.    Following a brief recess, the court presented to the jury a modified version of P-3, or Jury Instruction Number 12.  The instruction read:

> The Court instructs the jury that "negligence" is the failure to use reasonable care.  Reasonable care is that degree of care which a reasonably careful person would use under like or similar circumstances.  Negligence may consist of either doing something that a reasonably careful person would not do under like or similar circumstances or failing to do something that a reasonably careful person would do under like or similar circumstances.
>
> The Court instructs the jury that McClain/Sonic owes a duty to exercise reasonable care to keep its restaurant in a reasonably safe condition for its customers and to warn the customer of any unreasonably dangerous condition which it knows or should know of in the exercise of reasonable care.
>
> If you find by the preponderance of the evidence that McClain/Sonic either: (1) negligently created the hazardous condition; (2) negligently failed to keep its restaurant in a reasonably safe condition; (3) negligently failed to warn its customers of hazardous conditions in the restaurant which its employers were aware or should have been aware of; or (4) negligently failed to train or supervise its employees, then you should return a verdict for the Plaintiff, Ben Todd.
>
> *However, if you find that the plaintiff has failed to prove any of these elements, then your verdict shall be for the defendant.*

(Emphasis added).

¶11. On appeal, Todd argues that Jury Instruction Number 12 confused the jury as to his burden of proof on his negligence claim. In particular, he claims that the circuit court erred by adding the last sentence to the end of the jury instruction. In opposition, McClain contends the issue is procedurally barred. In the alternative, McClain argues the jury instruction fairly announced the applicable law.

¶12. The standard of review is an abuse of discretion. *Byrd v. Stubbs*, 190 So. 3d 26, 30 (¶13) (Miss. Ct. App. 2016). It is well settled that "[j]ury instructions are to be read together as a whole." *Towles v. State*, 193 So. 3d 688, 696 (¶19) (Miss. Ct. App. 2016) (internal quotation mark omitted) (quoting *Booker v. State*, 64 So. 3d 988, 995 (¶15) (Miss. Ct. App. 2010)). And "[n]o instruction should be reviewed in isolation." *Beverly Enter. Inc. v. Reed*, 961 So. 2d 40, 43 (¶8) (Miss. 2007) (citing *Burr v. Miss. Baptist Med. Ctr*., 909 So. 2d 721, 726 (¶12) (Miss. 2005)). When reviewing whether the circuit court abused its discretion by granting a jury instruction, our supreme court has clarified that "[d]efects in specific instructions will not mandate reversal when all of the instructions, taken as a whole fairly—although not perfectly—announce the applicable primary rules of law." *Id.* (citing *Burton v. Barnett*, 615 So. 2d 580, 583 (Miss.1993)).

¶13. Upon review, we find that Todd waived this issue on appeal. *See Clark v. Ill. Cent. R.R. Co.*, 872 So. 2d 773, 780 (¶20) (Miss. Ct. App. 2004). Todd was given the opportunity to object to the instruction, as amended, and failed to do so.

¶14. Waiver notwithstanding, we also find that the circuit court did not abuse its discretion by giving Jury Instruction Number 12. As noted by the parties, "[t]o recover in a trip-and-fall

5

case, a plaintiff must (1) show that some negligent act of the defendant caused his injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition." *Renner v. Retzer Res. Inc.*, 236 So. 3d 810, 814 (¶15) (Miss. 2017) (citation omitted). Todd asserts that the word "any" in the fourth paragraph is tantamount to the word "all." We disagree. When reading the instruction, we see that the instruction states, "If you find by the preponderance of the evidence that McClain/Sonic *either* . . . ." (Emphasis added). In addition, the instruction's succeeding theories of liability are divided by the word *or*, not *and*. As mentioned above, minor defects in specific instructions do not mandate reversal when the instructions fairly announce the primary rules of law. *See Beverly Enter. Inc.*, 961 So. 2d at 43 (¶8). As such, this issue is without merit.

## II. Whether the expert testimony was reliable.

¶15. Todd argues the circuit court erred by allowing David Johnson, McClain's expert witness, to provide speculative and unreliable testimony. We review a circuit court's decision to admit or exclude expert testimony for an abuse of discretion. *Vaughn v. Miss. Baptist Med. Ctr.*, 20 So. 3d 645, 654 (Miss. 2009) (citing *Webb v. Braswell*, 930 So. 2d 387, 396-97 (¶15) (Miss. 2006)); *Triplett v. River Region Med. Corp.*, 50 So. 3d 1032, 1039 (¶30) (Miss. Ct. App. 2010). A trial court's decision to allow expert testimony will be affirmed "[u]nless we can safely say that the trial court abused its judicial discretion in allowing or disallowing evidence so as to prejudice a party in a civil case[] or the accused in a criminal

6

case." *Jones v. State*, 918 So. 2d 1220, 1223 (¶9) (Miss. 2005).

¶16.   Under Mississippi Rule of Evidence 702,

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In addition to this rule, Mississippi has adopted the *Daubert* standard for the admission of expert testimony. *Miss. Transp. Comm'n v. McLemore*, 863 So. 2d 31, 35 (¶5) (Miss. 2003) (citing *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 113 (1993)). The parties do dispute Johnson's qualifications as an expert witness. *Delta Reg'l Med. Ctr. v. Taylor*, 112 So. 3d 11, 26 (¶44) (Miss. Ct. App. 2012) ("Qualification of the expert and the reliability of the expert's testimony are separate questions.").

¶17.   Todd contends that it was speculative and unreliable for Johnson to testify that (1) Todd tripped forward sixty-three inches; (2) Todd grabbed a certain trashcan before hitting the ground; and (3) Todd fell forward. In his brief, Todd's claims this testimony should have been excluded since it was not based on reliable data or methodology. However, whether expert testimony is admitted falls within the discretion of the trial court, as does the decision as to whether evidence is relevant and admissible. *Bateman v. State*, 125 So. 3d 616, 625 (¶28) (Miss. 2001); *Johnston v. State*, 567 So. 2d 237, 238 (Miss. 1990). An appellate court will not reverse the trial court's decision to admit expert testimony unless the determination is clearly erroneous and arbitrary, leading to an abuse of discretion. *Gray v. State*, 202 So.

3d 243, 256 (¶46) (Miss. Ct. App. 2015). Therefore, we review the merits of the issue.

¶18. In this case, Todd provided deposition testimony that he fell "the minute [he] stepped off th[e] mat." He further testified that during his fall, he "grabbed th[e] trash receptacle" (in an effort to break the fall) and landed on his hands and knees. In addition to that testimony, Todd drew an "X" on a photograph of the lobby, showing where he landed after the fall. At trial, Johnson applied a comparative-analysis technique to measure the distance between the location where Todd tripped (after stepping off the mat) and the location where Todd landed (the "X" identified by Todd). The technique rendered an approximate distance of sixty-three inches. Johnson also testified that based upon Todd's testimony, Todd tripped and fell forward. The court found that this testimony was not speculative or unreliable and that the testimony was within Johnson's area of expertise. After applying *Daubert*, we agree. A careful review of the record reflects no abuse of discretion in the circuit court's admission of Johnson's testimony.

¶19. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**