379 So.2d 517 (1980)
Jeannie Sullivan HARRISON
v.
James Calvin SMITH and Painting Contractors, Inc.
No. 51569.
Supreme Court of Mississippi.
January 9, 1980.
Rehearing Denied February 20, 1980.
*518 Douglas M. Magee, Mendenhall, for appellant.
Shell, Buford, Bufkin, Callicutt & Perry, Cary E. Bufkin, Jackson, for appellees.
Before ROBERTSON, LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
The primary question in this appeal is whether or not the lower court erroneously reformed the verdict of the jury rather than requiring that the jury clarify the verdict.
The case originated in the Circuit Court of Simpson County. Appellant filed her suit against appellees for personal injuries sustained in a motor vehicle collision on October 7, 1977. She contended that she was operating her vehicle in a northerly direction on U.S. Highway 49 in Rankin County, when it was involved in a collision at the intersection of that highway and Scarborough Street in the Town of Richland. It suffices to say that the testimony of several witnesses was quite conflicting. Appellant and her witnesses testified that she was driving in a northerly direction on the inside lane of travel when she was suddenly struck in the rear by a truck operated by appellee Smith and owned by his employer, appellee Painting Contractors, Inc. Appellees and their witnesses contended, and evidence was presented thereon, that appellant suddenly cut in front of appellee's truck; that appellant applied her brakes and then started forward as if she were going through the intersection. It was contended that appellant stopped suddenly and forced appellee Smith to strike the appellant's vehicle unavoidably.
After receiving numerous instructions and retiring to consider its verdict, the jury returned the following handwritten verdict:
We, the jury, find both plaintiff and defendant negligent to a degree with no damages assessed with a vote of 11 to 1.
The court accepted the verdict without any further activity on the part of the jury and reformed the verdict at the bench by holding that the verdict was for the defendants, and a judgment was so entered.
Appellees contend that the language of the verdict was clear that the jury was finding for the defendants; that the jury had found that even though appellees were negligent, this negligence was not a proximate contributing cause of plaintiff's injury. Appellees further contend that plaintiff waived her rights by failing to object to the form of the verdict.
Mississippi Code Annotated section 11-7-157 (1972) provides:
No special form of verdict is required, and where there has been a substantial compliance with the requirements of the law in rendering a verdict, a judgment shall not be arrested or reversed for mere want of form therein.
In Henson Ford, Inc. v. Crews, 160 So.2d 81 (Miss. 1964), this Court stated:

*519 ... [T]he basic test with reference to whether or not a verdict is sufficient as to form is whether or not it is an intelligent answer to the issues submitted to the jury and expressed so that the intent of the jury can be understood by the court. This well-established rule of law has long been recognized by this Court... .
We, therefore, are faced with the question as to whether or not the verdict in this case is such that the intent of the jury may be understood in a reasonably clear manner. Both appellant and appellees asked for and received a comparative negligence instruction telling the jury that in the event it found both appellant and appellees negligent, it should reduce appellant's recovery in proportion to her negligence. In the case of Wilburn v. Gordon, 209 Miss. 27, 45 So.2d 844 (1950), this Court held it was error under the comparative negligence statute for the lower court to give the jury the following instruction:
The Court instructs the jury for the defendant that if you believe from the evidence that plaintiff and defendant were equally negligent, then it is your duty to find for the defendant.
The Court stated that the above instruction was erroneously granted for the reason that the defendant would not be absolved from liability altogether, if both were negligent equally, but that plaintiff's damages would be reduced by fifty percent.
Appellee contends that the finding of the jury in the present case that both parties were negligent to a degree was surplusage. In 89 C.J.S. Trial section 509, it is said:
Superadded words may be disregarded as surplusage only when they are meaningless. Findings of fact germane to the issues may not be disregarded as surplusage. No part of the verdict, no matter how erroneous on its face, which is essential to make the finding responsive to the issues can be regarded as surplusage, nor can part of the verdict be disregarded if the verdict is ambiguous.
We do not here have a situation where a counterclaim was filed by appellees. There was only a declaration filed by appellant alleging negligence and a contention by appellees that they were not negligent. In cases where a claim and counterclaim both are presented in the same cause, it is, of course, possible for the jury to find both negligent so that the claim and counterclaim are offset.
Regarding the contention by appellees that the judgment reforming the verdict should stand without a prior request from appellant before discharging the jury, this Court said in Saucier v. Walker, 203 So.2d 299 (Miss. 1967):
The form of the verdict in this case is ambiguous, confusing and improper, and the attorney for the appellant should have requested that the jury be returned to the jury room to reword their verdict and to bring in a verdict in the proper form. In the absence of a request from the appellant's attorney that this be done, the trial judge on his own motion, should have ordered the jury to return to the jury room to reform and reword their verdict and to bring in a verdict in proper form. In fact this Court placed this responsibility and duty squarely on the shoulders of the trial judge when it said in Universal C.I.T. Credit Corp. v. Turner, supra,
"The trial court was under the duty to see that loss of time and the expense of the trial should not be nullified by the failure of the jury to put their verdict in proper form." (203 So.2d at 303).
It is inescapable that the jury by its verdict affirmatively found appellant and appellee Smith negligent; this after being instructed to reduce any recovery appellant was entitled to receive by the extent of her negligence. The verdict and the comparative negligence instructions were inconsistent. Under the above quoted authorities, the lower court should have returned the jury to its room to further deliberate on a proper verdict. It was error to find from the verdict returned that the jury intended to find for the defendants under the instructions it had received.
REVERSED AND REMANDED.
*520 PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.