ON WRIT OF CERTIORARI

MILLS, Justice, for the Court:
¶ 1. Robert and Sara Byars sued Moore Planting Company in Claiborne County Circuit Court for personal injuries and loss of consortium allegedly suffered by the Mr. and Mrs Byars due to a collision between the truck driven by Robert Byars and a truck driven by A.D. Dukes, an employee of Moore Planting. The jury found both parties equally negligent and “assessed] the Plaintiffs damages at $15,-000 total x 50% = $7,500.” The Court of Appeals reversed the judgment of the circuit court and remanded for a new trial. Byars v. Moore Planting Co., No. 97-CA-00536-COA (Miss.Ct.App. Feb. 23, 1999). This Court granted Moore Planting’s petition for certiorari to consider whether the finding of reversible error was proper. Finding no reversible error by the circuit court, we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.

STATEMENT OF THE FACTS

¶2. Robert Byars sought damages for personal injuries received in an accident involving Byars’s pickup truck and an eighteen-wheeler owned by Moore Planting Co., being driven at the time by A.D. Dukes. The accident occurred in Port Gibson, Mississippi, on October 12, 1994. Sara Byars, Robert’s wife, sought damages for loss of consortium in the same complaint.
¶3. Byars, who was employed by the U.S. Army Corps of Engineers at the time of the accident, was driving south through Port Gibson on Highway 61 at the time of the accident. Dukes was driving his eighteen-wheeler in the same direction. Dukes attempted to make a right turn onto Orange Street, and at that time his truck and Byars’s truck collided. Byars stated that Dukes was negligent in trying to make a right turn from the left lane; Dukes stated that he was driving properly and Byars had attempted to beat Dukes through the intersection on Dukes’s right, causing the accident. Both drivers agreed that they were driving five miles per hour or less at the time of the collision.
¶ 4. During the course of the trial, Moore Planting raised the issue of Robert Byars’s negligence in operating his truck and asked the trial court to instruct the jury on the principles of comparative negligence. The trial court granted Moore Planting’s request, and the jury returned their handwritten verdict as follows:
We the jury find both parties equally negligent and assess the Plaintiffs damages at $15,000 total x 50% = $7500.00.
The Jury Verdict and Judgment which was subsequently entered followed the form of this verdict, except that it replaced “Plaintiffs” with “Plaintiffs’.” Robert and Sara Byars sought relief from the trial court in their j.n.o.v./new trial motion, which was denied. At no time during the trial proceedings, or post-trial proceedings, did Mr. and Mrs. Byars allege that the form of the verdict was faulty.
¶ 5. On appeal Mr. and Mrs. Byars raise for the first time the argument that the form of the jury’s verdict amounts to reversible error because it referred only to the “Plaintiffs” damages, and not both plaintiffs. In an 8-2 decision the Court of Appeals reversed, finding as a matter of plain error that the jury had failed to follow its instructions and the verdict was “vague and incomplete” as to which plaintiff had recovered.

DISCUSSION

¶ 6. Mr. and Mrs. Byars rely on Miss. Code Ann. § 11-7-161 (1972), which states: “If the verdict is not responsive to the issue submitted to the jury, the court shall call their attention thereto and send them back for further deliberation.” Mr. and Mrs. Byars also cite Harrison v. *417 Smith, 379 So.2d 517, 519 (Miss.1980), which states that this burden of reviewing the jury verdict is the responsibility of the trial court even where it is not raised by the parties.
¶ 7. The Court of Appeals’ dissent found that the majority had placed too much emphasis on “some unknown juror’s punctuation skills” in holding this to be a verdict for only one of the Byarses. The dissent further found that it was evident that the jury’s verdict was a joint verdict in favor of both plaintiffs, even to plaintiffs’ counsel, who corrected the punctuation error when drafting the Jury Verdict and Judgment. The dissent found that the Byarses’ Instruction 17 was “poorly drafted and incorrectly suggested that the jury ought to return one ‘sum of money’ as damages for both plaintiffs, rather than two separate amounts” and also used the singular “Plaintiffs” when referring to damages. Finally, the dissent found that the jury’s verdict was responsive to Instruction 17, and the Byarses should not be heard to complain about it on appeal.

CONCLUSION

¶ 8. We find the logic of the Court of Appeals’ dissent to be persuasive in this case. The Court of Appeals erred in finding plain error in the wording of the jury’s verdict. The judgment of the Court of Appeals is reversed. The judgment of the Claiborne County Circuit Court is reinstated.
¶ 9. REVERSED.
PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, WALLER AND COBB, JJ„ CONCUR. McRAE, J„ DISSENTS WITH SEPARATE WRITTEN OPINION.