MOORE, J.,
for the Court:
¶ 1. Richard C. O’Neal (Richard) was Wiled on April 30, 1992, when he was struck by a vehicle driven by Thomas Edward Bernard, an employee of appellee Roche Biomedical Laboratories, Inc. (Roche), while attempting to cross Highway 90 in Biloxi, Mississippi. Appellant Margaret T. O’Neal (O’Neal) filed this *552 wrongful death claim on behalf of the deceased. After a jury trial in the Circuit Court of Hinds County, Mississippi, the jury returned a verdict in favor of O’Neal, awarding her $5,500. Dissatisfied with this award, O’Neal presents the following issue for our review on appeal:
I. ERRED BY FAILING TO PROVIDE THE JURY WITH AN INSTRUCTION REGARDING THE FORMAT FOR A COMPARATIVE NEGLIGENCE VERDICT AFTER BEING REQUESTED TO DO SO BY COUNSEL FOR APPELLANT.
Finding this assignment of error to be without merit, this Court affirms the lower court.
STATEMENT OF THE FACTS
¶ 2. On April 30, 1992, at approximately 8:23 p.m., Richard C. O’Neal was crossing Highway 90 in Biloxi, Mississippi. Richard was crossing at an intersection that is governed by a traffic control light that also contains signals informing pedestrians when they should or should not cross Highway 90. Richard was crossing from north to south. He had crossed two lanes of westbound traffic, a median, a turn lane, and one and one-half lanes of eastbound traffic when he was struck by a vehicle driven by Thomas Edward Bernard. At this time, Bernard was in the course and scope of his employment with appellee Roche Biomedical Laboratories, Inc.
¶ 3. It is undisputed that as Bernard approached the intersection from the west, he had a green light. It is also undisputed that Richard was therefore facing a red light and a “do not walk” sign as he started crossing the highway. Michael Weaver, a toxicologist at the Mississippi State Crime Laboratory, testified that the decedent had a blood alcohol level of 0.26 at the time of the accident. Weaver stated that Richard’s ability to walk, see, and perceive things around him would have been significantly diminished by his intoxication. Eyewitness Sheryl Barklage testified that Richard entered the eastbound lanes of traffic when Bernard’s vehicle was approximately only two car lengths from the intersection.
¶ 4. At the time of the accident, Bernard was traveling the posted speed limit of 35 m.p.h. Bernard testified that, although his driving visibility was clear, he never saw Richard prior to impact. Bernard testified that his headlights were on, his brakes were working properly, and the weather was dry and clear.
¶ 5. Dr. Carroll David Chanell, an expert in the area of economics, testified on behalf of O’Neal. Dr. Chanell testified that the value of the loss of enjoyment of Richard’s life was $1,057,580. He also testified that the value of Richard’s lost future income was $248,603, but would only be $124,301 if he was living alone (Richard was 64 years old at the time of his death; therefore, retirement was a leading factor in this evaluation). There was testimony at trial indicating that Richard had been separated from O’Neal since 1980, and that they were legally separated in 1987. O’Neal also had not seen or talked to Richard since 1989, and Patricia L. O’Neal, one of their daughters, testified that she had not seen her father since 1990, two •years before his death.
¶ 6. Dr. Gerald Lee, also an expert in the area of economics, testified on behalf of Roche. Dr. Lee did not place a monetary value on Richard’s loss of enjoyment of life, and testified that the loss of his future income was $110,887. He stated that this figure was close to $124,301, which was the amount Dr. Chanell figured for Richard’s loss of future income if he i-esided by himself.
¶ 7. At the close of evidence, Roche submitted a comparative negligence jury in *553 struction which was granted by the court. The instruction stated:
If you find for the Plaintiffs against the Defendants then you must go further and decide whether Richard C. O’Neal committed any act of negligence which proximately contributed to this accident and his death. If you find from the preponderance of the evidence that Richard C. O’Neal was negligent in crossing the intersection in question, and that his own negligence, if any, contributed to causing his death, then you should first fix the amount you would have given for such injuries and damages, if any, and then reduce your verdict by the percentage Richard C. O’Neal’s own negligence, if any, bears to the whole.
O’Neal then informed the court that she thought there should be a particular form of the verdict for comparative negligence submitted to the jury along with the comparative negligence instruction. However, O’Neal did not submit a comparative negligence instruction or a form of the verdict that addressed comparative negligence principles. The trial court stated that since no one tendered such a particular form, and since the comparative negligence instruction submitted by Roche explained to the jury how to calculate the verdict, the instruction as stated above was sufficient. Therefore, the lower court submitted a standard form of the verdict to the jury along with Roche’s comparative negligence instruction. The trial court held this to be legally sufficient and therefore correct. The jury returned with a verdict for the plaintiff and assessed damages at $5,500. It is from this verdict that O’Neal filed this appeal.
LAW AND ANALYSIS
I. DID THE TRIAL COURT COMMIT ERROR BY FAILING TO PROVIDE THE JURY WITH AN INSTRUCTION REGARDING THE FORMAT FOR A COMPARATIVE NEGLIGENCE VERDICT AFTER BEING REQUESTED TO DO SO BY COUNSEL FOR APPELLANT?
¶ 8. In this assignment of error, appellant O’Neal bases the majority of the argument on Burton v. Barnett, 615 So.2d 580 (Miss.1993). Not only is Burton distinguishable from the present case, O’Neal also misstated the law as established in Burton.
¶ 9. Appellant O’Neal argues that the trial court’s holding in Burtonwas reversed because the court failed to provide the jury with an instruction explaining the specific form for a comparative negligence verdict. Therefore, O’Neal contends that the case at hand should be reversed for the same reason. However, this is not why the Mississippi Supreme Court reversed Burton. First and foremost, the facts in the two cases are distinguishable. The jury in Burton was not given a separate instruction defining comparative negligence, as was the jury in the present case. Aso, one of the instructions in Burtonwas simply the general form for a verdict that did not clarify the basic premise of comparative negligence at all. These instructions, or lack thereof, failed to instruct the jury as to how they should rule upon deciding that both parties were equally negligent. The Burtoncowrt knew about this decision made by the jury, but still failed to adequately instruct the jury under the comparative negligence doctrine and simply reformed the verdict to find for the defendant. This was the reason for the reversal by the supreme court.
¶ 10. In incorrectly asserting that Burton was reversed for absence of the form instruction, O’Neal contends that when a comparative negligence instruction is given to the jury, in addition to the general *554 form of the verdict, a specific form for a comparative negligence verdict should also be given. Contending this was the rule as stated by the Burton court, and the reason for its reversal, O’Neal argues that the trial court in the case at hand erred in failing to give such a specific form instruction. O’Neal has misstated Burton. Burton simply stated that when a comparative negligence instruction is given, in addition to the general form of the verdict, “the following language could also be included: If you find both parties negligent, the form of your verdict may be: We, the jury, find plaintiff and defendant negligent and that plaintiff is responsible for _% of the damages. We find plaintiffs damages to be $_” Id. at 582-83. The court did not state that such a specific form of the verdict pertaining to comparative negligence should be, or was required to be, given to the jury when there already was a comparative negligence instruction given, but instead stated that the court could do as such. In addition, Miss.Code Ann. § 11-7-157 (1972) states: “No special form of verdict is required, and where there has been a substantial compliance with the requirements of the law in rendering a verdict, a judgment shall not be arrested or reversed for mere want of form therein.” Neither Burton nor this statute establishes the idea that when a comparative negligence instruction is given to the jury, explaining the concept in full, a sensible verdict will be disturbed unless there is a specific form of the verdict instruction provided.
¶ 11. O’Neal also cited Harrison v. Smith, 379 So.2d 517, 518-19 (Miss.1980) in an attempt to prove the trial court committed error in not providing a different form of the verdict instruction. The Harrison court held that the trial judge has the ultimate responsibility to insure that the verdict of the jury is returned in the proper form, even in the absence of a request for such from either party. O’Neal attempts to draw a connection between Harrison and the case at hand. However, the two cases are clearly distinguishable. Harrison held that the trial court committed error because it failed to return the jury to its room to reword the verdict so that it was put into reasonably clear form. The issue at hand is whether or not the trial court committed error in failing to give a jury instruction for a specific form of a verdict in a comparative negligence case. On this issue, Harrison is irrelevant on appeal.
¶ 12. From this analysis, this Court concludes that the lower court did not commit error in failing to give such an instruction. This assignment of error is without merit. Accordingly, this Court affirms.
¶ 13. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, PAYNE, AND THOMAS, JJ„ CONCUR.