924 So.2d 580 (2005)
Sheri BAHAM And Conway Baham, Appellants
v.
John W. SULLIVAN And Allstate Insurance Company, Appellees.
No. 2003-CA-00279-COA.
Court of Appeals of Mississippi.
December 13, 2005.
Rehearing Denied March 21, 2006.
*581 David Leo Love, Jackson, attorney for appellants.
Edderek Linnel Cole, Sandra Taylor Doty, Diane V. Pradat, Jackson, attorneys for appellees.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
IRVING, J., for the Court.
¶ 1. The Baham's motion for rehearing is granted. The original opinion issued in this case is withdrawn, and this opinion is substituted in its place.
¶ 2. This appeal arises from a negligence action tried first in the County Court of the First Judicial District of Hinds County and retried de novo in the Circuit Court of the First Judicial District of Hinds County. Aggrieved by the dispositions of both trials and by the rulings of the circuit court, the Bahams appeal, asserting that the circuit court erred in setting aside the county court's judgment notwithstanding the verdict and award of damages, and in granting a new trial. They further contend that the circuit court erred in granting Sullivan's ore tenus motion to release his appeal bond in an ex parte hearing, allegedly without notice to counsel opposite.
¶ 3. This Court, on its own motion, observes that the verdict of the jury was not responsive to the trial court's instructions, and, in effect, was no verdict. As a result, the final judgment, entered by the trial court upon the jury's verdict, must be reversed, as a definitive jury verdict is a prerequisite to the entrance of a concomitant final judgment.

FACTS
¶ 4. On March 9, 1995, Sheri Baham was eastbound on West Capitol Street in Jackson, Mississippi, when another driver suddenly pulled out in front of her, slammed on the brakes, and stopped in anticipation of making a left turn. Baham slammed on her brakes to avoid hitting the vehicle that had suddenly pulled out in front of her car. John Sullivan, who was traveling behind her, struck Baham's vehicle from the rear. The police arrived, but allowed the "phantom car" which pulled in front of Baham to leave the scene without getting the driver's name or a statement.
¶ 5. Sheri and Conway Baham brought a negligence action against Sullivan in the *582 County Court of the First Judicial District of Hinds County on March 4, 1998. They sought damages in the amount of $49,000 for her pain, suffering, and medical treatment, as well as for loss of companionship, consortium, and services. A trial was held on June 29, 1999. The jury returned a verdict in favor of Sullivan. On July 8, 1999, the Bahams filed a motion for a JNOV or, in the alternative, for a new trial. Judge C.A. "Chet" Henley granted their motion to set aside the jury verdict and awarded the Bahams damages in the amount of $25,000 on August 8, 1999.
¶ 6. Sullivan appealed the county court's decision to the Circuit Court of the First Judicial District of Hinds County. The Bahams cross-appealed, asserting that the damages awarded by the county court judge were inadequate. The circuit court reversed the county court's decision on August 24, 2000, ruling initially to remand the case to the county court for a determination of whether a new trial was warranted on all issues. By subsequent order dated January 2, 2001, the circuit court retained jurisdiction over the case and ordered a new trial.
¶ 7. After a trial in the circuit court, the jury returned the following verdict:
We, the jury, determine John W. Sullivan to be 10 percent at fault, if any.

We, the jury, determine the absent driver of the third vehicle to be at 90 percent at fault, if any.

We, the jury, assess Plaintiff Sheri Baham's damages at $0.00.
We, the jury, assess Plaintiff Conway Baham's damages at $0.00.
(emphasis added)
¶ 8. The Bahams filed a motion for a JNOV or, in the alternative, a new trial, which was denied by the circuit court.

ANALYSIS AND DISCUSSION
¶ 9. Since we find that there was no jury verdict upon which a final judgment could be properly entered, we decline to address the issues raised by the Appellants, and instead, discuss the implications of the defective verdict.
¶ 10. As we have already noted, the verdict of the jury was not responsive to the jury instructions, which required the jury to find for one of the parties. While neither of the parties raised this issue on appeal, we, nevertheless, are compelled to do so on our own, as this failure implicates the validity of the final judgment. The existence of a final judgement in the court below is a prerequisite to the conferment of jurisdiction upon this Court. Miss.Code Ann. § 9-3-9 (Rev.2002).[1] We, as an appellate court, always have the responsibility to determine our jurisdiction, even if we have to do so ex mero motu. Roach v. Black Creek Drainage Dist., 206 Miss. 794, 795, 41 So.2d 5, 5 (1949).
¶ 11. We find that the jury's insertion of the phrase "if any" at the end of its finding: "We, the jury, determine John W. Sullivan to be 10 percent at fault,"if any" was the equivalent of a finding that "we the jury do not know whether John Sullivan was at fault, but, if he was, he was only ten percent at fault." The jury's finding with respect to the absent driver was to the same effect. Therefore, in our view, the jury failed to return a definitive verdict, and, in the absence of a verdict, there was nothing upon which to predicate a final judgment.
*583 ¶ 12. While not on all-fours with our case, we think Harrison v. Smith, 379 So.2d 517 (Miss.1980) is helpful. In Harrison, the following occurred during the trial:
After receiving numerous instructions and retiring to consider its verdict, the jury returned the following handwritten verdict: We, the jury, find both plaintiff and defendant negligent to a degree with no damages assessed with a vote of 11 to 1.
The court accepted the verdict without any further activity on the part of the jury and reformed the verdict at the bench by holding that the verdict was for the defendants, and a judgment was so entered.
Id. at 518.
¶ 13. The Harrison court stated:
Regarding the contention by appellees that the judgment reforming the verdict should stand without a prior request from appellant before discharging the jury, this Court said in Saucier v. Walker, 203 So.2d 299 (Miss.1967):
The form of the verdict in this case is ambiguous, confusing and improper, and the attorney for the appellant should have requested that the jury be returned to the jury room to reword their verdict and to bring in a verdict in the proper form. In the absence of a request from the appellant's attorney that this be done, the trial judge on his own motion, should have ordered the jury to return to the jury room to reform and reword their verdict and to bring in a verdict in proper form. In fact this Court placed this responsibility and duty squarely on the shoulders of the trial judge when it said in Universal C.I.T. Credit Corp. v. Turner, [56 So.2d 800, 803 (Miss.1952)], supra,
"The trial court was under the duty to see that loss of time and the expense of the trial should not be nullified by the failure of the jury to put their verdict in proper form." (203 So.2d at 303).
It is inescapable that the jury by its verdict affirmatively found appellant and appellee Smith negligent; this after being instructed to reduce any recovery appellant was entitled to receive by the extent of her negligence. The verdict and the comparative negligence instructions were inconsistent. Under the above quoted authorities, the lower court should have returned the jury to its room to further deliberate on a proper verdict. It was error to find from the verdict returned that the jury intended to find for the defendants under the instructions it had received.
Harrison, 379 So.2d at 519.
¶ 14. In our case, the jury was instructed to find for either the Bahams or Sullivan. Clearly, by its verdict, the jury did neither. As the supreme court instructed in Harrison, the trial court "should have returned the jury to its room to further deliberate on a proper verdict." Id. See also URCCC 3.10.

CONCLUSION
¶ 15. After the rendering of a proper verdict by the jury, then and only then was the circuit judge authorized to enter a judgment upon that verdict. Since there was no proper verdict, it was improper for the circuit judge to enter a final judgment. Therefore, we reverse and remand for a new trial.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REVERSED, AND THE CASE IS REMANDED FOR A NEW TRIAL. *584 ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES AND GRIFFIS, JJ., CONCUR. CHANDLER, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. BARNES AND ISHEE, JJ., NOT PARTICIPATING.
NOTES
[1] This section reads: "The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals, ... but a cause shall not be removed into said court until after final judgment in the court below...."