LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Jeffrey McCaskill was killed in a one-vehicle accident while driving on a two-lane farm road in Washington County. A tire on the left front side of McCaskill’s truck burst; and McCaskill lost control of the truck, struck an embankment, and was thrown from the truck. At the time of the accident, McCaskill was exceeding the speed limit and was not wearing his seat-belt. There was also considerable testimony at trial concerning McCaskill’s failure to properly repair and maintain the tire.
 

 ¶ 2. On June 14, 2002, Gaila Tate McCaskill Oliver (Gaila), as executrix of the estate of Jeffrey McCaskill, individually, and as next friend to Matthew McCas-kill, Josh McCaskill, and Hunter McCas-kill, minors, filed a complaint in the Washington County Circuit Court against The Goodyear Tire & Rubber Company (Goodyear); Tim Kirby and Lawrence Ellis Bodron d/b/a K & B Tire Service, Inc.; and Tiffany and Jay Pickle d/b/a K & B Tire Service, Inc. The suit alleged negligence, defective design and manufacture of the tire, failure to warn, and breach of warranty. Ellis Willard was subsequently substituted for Bodron, but ultimately, K & B Tire Service and the parties associated with it were dismissed with prejudice. Prior to trial, Gaila voluntarily dismissed her individual claims, but she continued to pursue the case as plaintiff in her representative capacity.
 

 ¶ 3. A trial on the matter was held in the circuit court from June 12-23, 2005. The jury returned an interrogatory verdict on jury instruction D-29-A. On the first question, the jury found unanimously for Goodyear on the design-defect and failure-to-warn claims, but the jurors were divided on the defective-manufacture claim. The instruction indicated that there were seven “No” votes and five “Yes” votes. The form instructed the jury that they should proceed no further with their deliberation if they answered “No” to all parts of the first question. The form also instructed the jury to proceed to the next question if they answered “Yes” to any part of the first question. The jury proceeded to answer the second question, which stated: “(2) Do you find that the defective and unreasonably dangerous condition you found in question 1 above to be the proximate cause of the death of Jeffrey McCas-kill?” The jury marked “No” in response to this question. The jury was instructed that if they had answered “No” to that question, they were to notify the bailiff that they had reached a verdict. The jury left the remaining questions blank.
 

 ¶ 4. The trial court polled the jury and noted that the response to the second question was unanimous. Gaila asked the trial court to require the jury to resume deliberations. The trial court declined, finding that those five who answered “Yes” to the defective-manufacture claim determined that it was not the proximate cause of McCaskill’s death.
 

 ¶ 5. Gaila subsequently filed a motion for a new trial, which the trial court denied.
 
 *978
 
 Gaila now appeals, asserting the following issues: (1) the trial court erred in failing to require the jury to continue deliberations concerning whether the tire was defectively manufactured; (2) the trial court erred in reforming the jury verdict; and (3) the trial court erred in denying her motion for a new trial. Finding no error, we affirm.
 

 DISCUSSION
 

 ¶ 6. As all of Gaila’s issues are related, we find it appropriate to combine them. Gaila’s chief contention is that the jury verdict was unresponsive and the trial court should have granted a new trial.
 

 ¶ 7. Mississippi Code Annotated section 11-7-157 (Rev.2004) states: “No special form of the verdict is required, and where there has been a substantial compliance with the requirements of the law in rendering a verdict, a judgment shall not be arrested or reversed for mere want of form therein.” The supreme court has held that the test of whether a verdict is sufficient as to form “is whether or not it is an intelligent answer to the issues submitted to the jury and expressed so that the intent of the jury can be understood by the court.”
 
 Miss. Valley Gas Co. v. Estate of Walker,
 
 725 So.2d 139, 151(¶45) (Miss.1998) (quoting
 
 Harrison v. Smith,
 
 379 So.2d 517, 519 (Miss.1980));
 
 see also White v. Stewman,
 
 932 So.2d 27, 37(¶28) (Miss.2006).
 

 18. We find that the jury substantially complied with the requirements of the law in rendei'ing the verdict. The jury intelligently answered the issues submitted and expressed its intent to the court. The trial court found that although five members of the jury determined that the tire was defectively manufactured and seven members found no evidence of defective manufacture, all twelve members agreed that the condition of the tire was not the proximate cause of McCaskill’s death.
 

 19. Gaila also contends that the trial court should have sent the jury back for further deliberation pursuant to Mississippi Code Annotated section 11-7-161 (Rev. 2004). Section 11-7-161 states: “If the verdict is not responsive to the issue submitted to the jury, the court shall call their attention thereto and send them back for further deliberation.” Uniform Rule of Circuit and County Court 3.10 allows the trial court to direct the jury to continue deliberations “[i]f a verdict is so defective that the court cannot determine from it the intent of the jury.” Gaila cites numerous cases to support her position; however, the cited cases concern either ambiguous verdicts or the failure of the jury to properly apportion fault.
 
 See Adams v. Green,
 
 474 So.2d 577 (Miss.1985) (trial court committed reversible error when it failed to return the jury to the jury room to reform the verdict as to the question of one defendant’s liability);
 
 Lambert Cmty. Hous. Group, L.P. v. Wenzel,
 
 987 So.2d 468 (Miss.Ct.App.2008) (reversed and remanded for a new trial because the form of the instruction paired with the verdict was in conflict and was ambiguous, and the trial court erred in failing to order the jury to deliberate further to reform its verdict).
 

 ¶ 10. We find no merit to Gaila’s issues and affirm.
 

 ¶11. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.