# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00966-COA

DEBRA BARTLEY-RICE                                                    APPELLANT

v.

STATE FARM MUTUAL AUTOMOBILE                                          APPELLEES
INSURANCE COMPANY, IDALAN HAYMON
AND JUDY AUSTIN

| | |
|---|---|
| DATE OF JUDGMENT: | 05/13/2013 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | TYLVESTER OTIS GOSS |
| | MICHAEL M. WILLIAMS |
| ATTORNEYS FOR APPELLEES: | WILLIAM H. CREEL JR. |
| | TIFFANY PIAZZA GROVE |
| | WILLIAM M. DALEHITE JR. |
| | CHRISTOPHER DAVID MORRIS |
| | REEVE G. JACOBUS JR. |
| | JAMES SETH MCCOY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | ENTERED FINAL JUDGMENT IN FAVOR OF DEFENDANTS/APPELLEES |
| DISPOSITION: | AFFIRMED: 12/16/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    This negligence action resulted from an automobile accident. After a trial, the plaintiff now appeals the judgment and claims that the jury's verdict was contradictory and the award of zero damages shocks the judicial conscience.

## FACTS

¶2. On August 8, 2009, Debra Bartley-Rice was driving north on Interstate 55 in Madison County, Mississippi. She noticed the vehicle directly in front of her suddenly slammed on the brakes and swerved to avoid tire debris in the road. Bartley-Rice changed lanes and continued to travel northbound.

¶3. Judy Austin was also traveling northbound, behind Bartley-Rice. When Austin noticed Bartley-Rice change lanes, she attempted to change lanes as well. As she changed lanes, Austin collided with the vehicle driven by Indalan Haymon. Haymon then lost control of her vehicle and collided with the rear of Bartley-Rice's vehicle.

¶4. Bartley-Rice was injured in the accident. She suffered a torn rotator cuff and a soft-tissue injury to her back and neck. She incurred over $40,000 in medical bills.

¶5. On August 5, 2011, Bartley-Rice filed a negligence action in the Madison County Circuit Court. In the complaint, Bartley-Rice named Haymon and Austin as defendants. The complaint asserted a claim for negligence as a result of the automobile accident and asked for damages. Both Haymon and Austin were uninsured. Therefore, Bartley-Rice's complaint also named her insurance carrier, State Farm Mutual Automobile Insurance, and asserted a claim for uninsured-motorist coverage under her policy.

¶6. State Farm filed a motion to bifurcate the claims. The trial court granted State Farm's motion and ordered Bartley-Rice to proceed to trial on her claims against Haymon and Austin. If a final judgment of liability and damages was entered in Bartley-Rice's claims against Haymon and Austin, then such an award would be binding as to Bartley-Rice's claim against State Farm, subject to the policy limits.

¶7. At the conclusion of the trial, the jury returned a handwritten general verdict that read:

> We the jury conclude that the accident was unavoidable in any event, [a]nd returned a verdict for the defend[a]nts[,] Idelan[] Haymon and Judy Austin.
>
> The amount of damages is 0.

The jury also returned a special verdict form. The jury answered "Yes" to each question that asked whether they found Bartley-Rice, Austin, and Haymon guilty of negligence that proximately caused Bartley-Rice's damages. Further, the jury apportioned sixty-six percent of the fault to Haymon and Austin and thirty-three percent to Bartley-Rice.

¶8. The trial judge questioned the jury foreperson about the two verdict forms. The trial judge then confirmed that she viewed the two verdicts to be consistent and represent the same verdict. After the verdict was read, the trial judge questioned the intent of the jury and then polled each juror. The trial judge found the verdict was unanimous. After an exchange between the trial judge and counsel, there was no objection or request for further clarification of the jury-verdict forms before or after the verdict was read.

¶9. On May 14, 2013, the court entered a final judgment. On May 29, 2013, Bartley-Rice filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. Then, on June 4, 2013, Bartley-Rice filed her notice of appeal.

## ANALYSIS

¶10. Bartley-Rice has raised two issues in this appeal. First, she argues that the trial court erred when it failed to require the jury to clarify its verdict where the general-verdict form was in obvious conflict with the special-verdict form. Next, she argues that the jury verdict is unsupported by the evidence and evinces bias, prejudice, and passion by the jury.

¶11. In response, Haymon, Austin, and State Farm argue the trial court may not be held in error because Bartley-Rice agreed that the trial court should not send the jury back and that the trial court should make the verdict conform by her order. In addition, they argue that Bartley-Rice failed to present this issue to the trial court and may not present this issue for the first time on appeal.

¶12. Before the verdict was read in open court, the trial judge addressed the verdict with all counsel at the bench, outside the presence of the jury:

| | |
|---|---|
| Court: | Let me see the attorneys at the bench. |
| Court: | What the jury did, they completed the special verdict form and then they wrote out a verdict. And it's not really contradictory, it ends up being the same thing. So I'm wondering, do you all want me to try to send them back? |
| Counsel for Haymon: | I would just make it conform by your orders. Make it conform to – I don't think they should redo it again, if it's the same thing. |
| Counsel for Bartley-Rice: | I don't have a problem, if it's consistent, I don't have a problem with it. If it works out to about the same thing. |
| Court: | The end result is the same. |
| Counsel for Bartley-Rice: | Okay. |
| Court: | Okay. |

¶13. Next, before the verdict was read in open court, the trial judge questioned the jury foreperson and confirmed the jury's intention that the two verdict forms "pretty much . . . both mean the same thing." The trial judge then read both the special-verdict form and the handwritten general-verdict form, and asked each juror if his or her verdict was represented.

4

¶14. After polling the jury, the trial judge noted, "We do have a unanimous verdict. The verdict will be recorded and filed." Counsel for Bartley-Rice made no objection or request for further clarification of the jury verdicts after the verdict was read in open court and before the jury was dismissed.

¶15. It is well-settled law that Mississippi appellate courts will not review matters on appeal that were not raised at the trial court level. *McKee v. Bowers Window & Door Co.*, 64 So. 3d 926, 940 (¶42) (Miss. 2011) (citations omitted). Specifically, where a party makes no objection to the form of a verdict returned by the jury, that party is procedurally barred from raising errors related to such on appeal. *Thorson v. State*, 895 So. 2d 85, 100 (¶26) (Miss. 2004) (citation omitted).

¶16. Based on our review of the record, we find no objection or challenge to the form of the jury's verdict by counsel for Bartley-Rice. Based on the exchange between the trial judge and counsel that was cited above, we can find no issue as to the verdict raised by Bartley-Rice at trial.

¶17. In addition, the Mississippi Supreme Court has held that in order to raise the issue that the verdict is against the overwhelming weight of the evidence, "it is essential that the contention be embodied in a motion for a new trial in the lower court and be passed upon by the trial judge." *Cooper v. Lawson*, 264 So. 2d 890, 891 (Miss. 1972).

¶18. Bartley-Rice failed to file a timely post-trial motion under either Rule 50 or 59 of the Mississippi Rules of Civil Procedure. The final judgment was signed on May 13, 2013, and filed on May 14, 2013. On May 29, 2013, Bartley-Rice filed a motion for a judgment notwithstanding the verdict (M.R.C.P. 50) or, in the alternative, a new trial (M.R.C.P. 59).

5

Rule 50(b) and Rule 59(b) and (e) require that such motions must be filed within ten days of the "entry of a judgment." Bartley-Rice failed to file such motions in a timely manner. Further, Bartley-Rice failed to bring either of these motions to the attention of the trial judge. On June 4, 2013, Bartley-Rice filed her notice of appeal.

¶19. Based on the authority cited above, we find that the issues addressed in this appeal are procedurally barred from our review. The judgment is affirmed.

¶20. **THE JUDGMENT OF THE CIRCUIT COURT OF HOLMES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY JAMES, J.**

**IRVING, P.J., DISSENTING:**

¶21. The majority finds that Bartley-Rice is procedurally barred from raising the issue that the general verdict and special interrogatory verdict of the jury are inconsistent. Because the trial court has the sole responsibility for making sure that a jury's verdict is not defective and reflects the intent of the jury, I disagree that Bartley-Rice is procedurally barred from raising this issue in this appeal. Therefore, I dissent.

¶22. The jury returned the following interrogatory verdict:

**SPECIAL VERDICT FORM**

In returning your verdict in this case, you are to consider all of the facts and instructions of law given to you and return your verdict by filling out this form. When your verdict has been reached, write out your answers to the following questions on this form and notify the Bailiff that you have reached your verdict:

6

1) Do you find that the person or vehicle who dropped the tire on the road was guilty of negligence which proximately caused damages to the Plaintiff?

Yes __X̶ K.C.[1]__        No __X__

2)  Do you find that the person who stopped his or her car in the road was guilty of negligence which proximately caused damages to the Plaintiff?

Yes __X̶ K.C.__        No __X__

3) Do you find that the Plaintiff, Debra Bartley-Rice, was guilty of negligence which proximately caused her damages?

Yes __X__        No _____

4) Do you find that Idalan Haymon was guilty of negligence which proximately caused damages to the Plaintiff?

Yes __X__        No _____

5) Do you find that Judy Austin was guilty of negligence which proximately caused damages to the Plaintiff?

Yes __X__        No __X̶ K.C.__

6)  If you answered "Yes" to any of the above questions, then list the proportion, or percentage, of negligence which you attribute to each of those persons.

Unknown driver of vehicle who left tire debris
on the roadway                                              _____ %

Unknown driver of red vehicle who stopped his or her car
in the roadway                                              _____ %

Plaintiff Debra Bartley-Rice                           __33.4__ %

Defendant Idalan Haymon                            __33.3__ %

_____

[1] It appears that the jury initially marked "Yes" but subsequently found otherwise, and the foreman initialed the changes.

7

Defendant Judy Austin                                          33.3     %

(These figures should add up to 100%.)

 7) What is the amount of damages that you find by a preponderance of the evidence to have been incurred by the Plaintiff as a result of the accident in question?

 $     0

The jury also returned the following general verdict: "We the jury conclude that the accident was unavoidable in any event, and returned a verdict for the defendents [sic] Idaland [sic] Haymon and Judy Austin.  The amount of damages is 0."

¶23. After the jury returned the two verdicts set forth above, the following exchange occurred:

| | |
|---|---|
| THE COURT: | Let me see the attorneys at the bench. |
| THE COURT: | What the jury did, they completed the special verdict form and then they wrote out a verdict.  And it's not really contradictory, it ends up being the same thing. So I'm wondering, do you all want me to try to send them back? |
| DEFENSE COUNSEL: | I would just make it conform by your orders.  Make it confirm [sic] to -- I don't think they should redo it again, if it's the same thing. |
| PLAINTIFF'S COUNSEL: | I don't have a problem, if it's consistent, I don't have a problem with it.  If it works out to about the same thing. |
| THE COURT: | The end result is the same. |

¶24. It is clear that neither attorney stated that he thought the jury's two verdicts were

8

consistent. Rather, both of them deferred to the trial court on that issue. An objective and fair reading of the attorneys' responses compels the conclusion that the attorneys left it to the court to determine if the verdicts were indeed consistent, and neither attorney offered a suggestion as to what should happen if the court determined that the verdicts were inconsistent.

¶25. Clearly, the verdicts are inconsistent, preventing discernment of the jury's intention. The only reasonable interpretation of the general verdict is that neither the plaintiff nor the defendants were at fault, as the accident was "unavoidable." Yet the only reasonable interpretation of the special verdict is that the jury concluded that each party was equally at fault. It is true that in each verdict, the jury decided that the damages were zero. Perhaps this is the finding that confused the court. However, neither verdict can be read as meaning that Bartley-Rice suffered no damages. Rather, in reading the verdicts in tandem, it appears that the jury was attempting to convey that she should receive no damages because she was as equally at fault as the other defendants, thereby cancelling her entitlement to damages. This finding demonstrates a fundamental misunderstanding of the instructions given regarding the comparative negligence of the parties. Being only one-third liable should have resulted in Bartley-Rice's total damages being reduced by a third, not reduced to zero.

¶26. Rule 3.10 of the Uniform Circuit and County Court Rules provides in part:

> If a verdict is so defective that the court cannot determine from it the intent of the jury, the court shall, with proper instructions, direct the jurors to reconsider the verdict. No verdict shall be accepted until it clearly reflects the intent of the jury. If the jury persists in rendering defective verdicts the court shall declare a mistrial.

When it comes to ensuring that a verdict is responsive to the issue being decided, our law is

9

clear that the ultimate responsibility rests with the trial judge, not the parties' attorneys. The

Mississippi Supreme Court said as much in *Harrison v. Smith*, 379 So. 2d 517 (Miss. 1980).

I quote extensively from *Harrison*:

> Appellant and her witnesses testified that she was driving in a northerly direction on the inside lane of travel when she was suddenly struck in the rear by a truck operated by appellee Smith and owned by his employer, appellee Painting Contractors Inc. Appellees and their witnesses contended, and evidence was presented thereon, that appellant suddenly cut in front of appellee's truck; that appellant applied her brakes and then started forward as if she were going through the intersection. It was contended that appellant stopped suddenly and forced appellee Smith to strike the appellant's vehicle unavoidably.
>
> After receiving numerous instructions and retiring to consider its verdict, the jury returned the following handwritten verdict: *We, the jury, find both plaintiff and defendant negligent to a degree with no damages assessed with a vote of 11 to 1.*
>
> The court accepted the verdict without any further activity on the part of the jury and reformed the verdict at the bench by holding that the verdict was for the defendants, and a judgment was so entered.
>
> Appellees contend that the language of the verdict was clear that the jury was finding for the defendants; that the jury had found that even though appellees were negligent, this negligence was not a proximate contributing cause of plaintiff's injury. Appellees further contend that plaintiff waived her rights by failing to object to the form of the verdict.
>
> \* \* \* \*
>
> In *Henson Ford, Inc. v. Crews*, 160 So. 2d 81[, 85] (Miss. 1964), [the Mississippi Supreme Court] stated:
>
>> The basic test with reference to whether or not a verdict is sufficient as to form is whether or not it is an intelligent answer to the issues submitted to the jury and expressed so that the intent of the jury can be understood by the court. This well-established rule of law has long been recognized by [the Mississippi Supreme Court] . . . .

We, therefore, are faced with the question as to whether or not the verdict in this case is such that the intent of the jury may be understood in a reasonably clear manner. Both appellant and appellees asked for and received a comparative negligence instruction telling the jury that in the event it found both appellant and appellees negligent, it should reduce appellant's recovery in proportion to her negligence.

\* \* \* \*

Regarding the contention by appellees that the judgment reforming the verdict should stand without a prior request from appellant before discharging the jury, [the Mississippi Supreme Court] said in *Saucier v. Walker*, 203 So. 2d 299[, 303] (Miss. 1967):

> The form of the verdict in this case is ambiguous, confusing and improper, and *the attorney for the appellant should have requested that the jury be returned to the jury room to reword their verdict and to bring in a verdict in the proper form. In the absence of a request from the appellant's attorney that this be done, the trial judge on his own motion, should have ordered the jury to return to the jury room to reform and reword their verdict and to bring in a verdict in proper form. In fact this Court placed this responsibility and duty squarely on the shoulders of the trial judge when it said in* Universal C.I.T. Credit Corp. v. Turner, supra*,*
>
> *"The trial court was under the duty to see that loss of time and the expense of the trial should not be nullified by the failure of the jury to put their verdict in proper form."*

It is inescapable that the jury by its verdict affirmatively found appellant and appellee Smith negligent; this after being instructed to reduce any recovery appellant was entitled to receive by the extent of her negligence. The verdict and the comparative negligence instructions were inconsistent. Under the above quoted authorities, the lower court should have returned the jury to its room to further deliberate on a proper verdict. It was error to find from the verdict returned that the jury intended to find for the defendants under the instructions it had received.

*Harrison*, 379 So. 2d at 518-19 (emphasis added and internal citations omitted).

¶27. What the jury did here is strikingly similar to what the jury did in *Harrison*. There,

11

the jury found both the plaintiff and the defendant negligent; yet the jury assessed no damages. Here, the jury found that all parties were liable – the plaintiff, Bartley-Rice, and the two defendants – but assessed no damages. As noted, our supreme court instructed that despite the failure of the attorney for the appellant to request that the jury be returned to the jury room to bring in a verdict in proper form, the trial court had erred in failing to do so because the responsibility for making sure a proper verdict is returned lies with the trial court.

¶28. In our case, the trial court had already determined that the verdicts were not inconsistent before conferring with the attorneys. This is not to say that the trial court could not have been persuaded otherwise if Bartley-Rice's attorney had stated that he thought otherwise. Nevertheless, it should be noted that even after both attorneys left it to the trial court to get it right, the judge opined: "The end result is the same." I cannot know for certain what the judge meant by this statement, but it appears that the judge may have been saying that even if she sent the jurors back with instructions to put their verdict in the proper form, they would return with a verdict for the defendants, because that is what they had already done. No matter what the judge believed, the jury did not return a clear verdict for the defendants.

¶29. For the foregoing reasons, I dissent. I would reverse and remand this case for a new trial.

**JAMES, J., JOINS THIS OPINION IN PART.**

12