IRVING, P.J.,
dissenting:
¶ 21. The majority finds that Bartley-Rice is procedurally barred from raising the issue that the general verdict and special interrogatory verdict of the jury are inconsistent. Because the trial court has the sole responsibility for making sure that a jury’s verdict is not defective and reflects the intent of the jury, I disagree that Bartley-Rice is procedurally barred from raising this issue in this appeal. Therefore, I dissent.
¶22. The jury returned the following interrogatory verdict:
SPECIAL VERDICT FORM
In returning your verdict in this case, you are to consider alb of the facts and instructions of law given to you and return your verdict by filling out this form. When your verdict has been reached, write out your answers to the following questions on this form and notify the Bailiff that you have reached your verdict:
1) Do you find that the person or vehicle who dropped the tire on the road was guilty of negligence which proximately caused damages to the Plaintiff?
Yes XK.C.[1] No X
2) Do you find that the person who stopped his or her car in the road was guilty of negligence which proximately caused damages to the Plaintiff?
Yes XK.C. No X
3) Do you find that the Plaintiff, Debra Bartley-Rice, was guilty of negligence which proximately caused her damages?
Yes X No_
4) Do you find that Idalan Haymon was guilty of negligence which proximately caused damages to the Plaintiff?
Yes X No_
5) Do you find that Judy Austin was guilty of negligence which proximately caused damages to the Plaintiff?
Yes X No X K.C.
6) If you answered “Yes” to any of the above questions, then list the proportion, or percentage, of negligence which you attribute to each of those persons.
% Unknown driver of vehicle who left tire debris on the roadway
*1231 [[Image here]]
(These figures should add up to 100%.)
7) What is the amount of damages that you find by a preponderance of the evidence to have been incurred by the Plaintiff as a result of the accident in question? $0
The jury also returned the following general verdict: “We the jury conclude that the accident was unavoidable in any event, and returned a verdict for the defendents [sic] Idaland [sic] Haymon and Judy Austin. The amount of damages is 0.”
¶ 23. After the jury returned the two verdicts set forth above, the following exchange occurred:
THE COURT: Let me see the attorneys at the bench.
THE COURT: What the jury did, they completed the special verdict form and then they wrote out a verdict. And it’s not really contradictory, it ends up being the same thing. So I’m wondering, do you all want me to try to send them back?
DEFENSE COUNSEL: I would just make it conform by your orders. Make it confirm [sic] to — I don’t think they should redo it again, if it’s the same thing.
PLAINTIFF’S COUNSEL: I don’t have a problem, if it’s consistent, I don’t have a problem with it. If it works out to about the same thing.
THE COURT: The end result is the same.
¶ 24. It is clear that neither attorney stated that he thought the jury’s two verdicts were consistent. Rather, both of them deferred to the trial court on that issue. An objective and fair reading of the attorneys’ responses compels the conclusion that the attorneys left it to the court to determine if the verdicts were indeed consistent, and neither attorney offered a suggestion as to what should happen if the court determined that the verdicts were inconsistent.
¶ 25. Clearly, the verdicts are inconsistent, preventing discernment of the jury’s intention. The only reasonable interpretation of the general verdict is that neither the plaintiff nor the defendants were at fault, as the accident was “unavoidable.” Yet the only reasonable interpretation of the special verdict is that the jury concluded that each party was equally at fault. It is true that in each verdict, the jury decided that the damages were zero. Perhaps this is the finding that confused the court. However, neither verdict can be read as meaning that Bartley-Rice suffered no damages. Rather, in reading the verdicts in tandem, it appears that the jury was attempting to convey that she should receive no damages because she was as equally at fault as the other defendants, thereby cancelling her entitlement to damages. This finding demonstrates a fundamental misunderstanding of the instructions given regarding the comparative negligence of the parties. Being only one-third liable should have resulted in Bart- *1232 ley-Rice’s total damages being reduced by a third, not reduced to zero.
¶ 26. Rule 3.1Q of the Uniform Circuit and County Court Rules provides in part:
If a verdict is so defective that the court cannot determine from it the intent of the jury, the court shall, with proper instructions, direct the jurors to reconsider the verdict. No verdict shall be accepted until it clearly reflects the intent of the jury. If the jury persists in rendering defective verdicts the court shall declare a mistrial.
When it comes to ensuring that a verdict is responsive to the issue being decided, our law is clear that the ultimate responsibility rests with the trial judge, not the parties! attorneys. The Mississippi Supreme Court said as much in Harrison v. Smith, 379 So.2d 517 (Miss.1980). I quote extensively from Harrison:
Appellant and her witnesses- testified that she was driving in a northerly direction on the inside lane of travel when she was suddenly struck in the rear by a track operated by appellee Smith and owned by his employer, appellee Painting Contractors Inc. Appellees and their witnesses contended, and evidence was presented thereon, that appellant suddenly cut in front of appellee’s truck; that appellant applied her brakes and then started forward as if she were going through the intersection. It was contended that appellant stopped suddenly and forced appellee Smith to strike the appellant’s vehicle unavoidably.
After receiving numerous instructions and retiring to consider its verdict, the jury returned the following handwritten verdict: We, the jury, find both plaintiff and defendant negligent to a degree with no damages assessed with a vote of 11 to 1. '
The court accepted the verdict without any further activity on the part of the jury and reformed the verdict at the bench by holding that the verdict was for the defendants, and a judgment was so entered.
Appellees contend that the language of the verdict was clear that the jury was finding for the defendants; that the jury had found that even though appellees were negligent, this negligence was not a proximate contributing cause of plaintiffs injury. Appellees further contend that plaintiff waived her rights by failing to object to the form of the verdict.
[[Image here]]
In Henson Ford, Inc. v. Crews, 160 So.2d 81[, 85] (Miss.1964), [the Mississippi Supreme Court] stated:
The basic test with reference to whether or not a verdict is sufficient as to form is whether or not it is an intelligent answer to the issues submitted to the jury and expressed so that the intent of the jury can be understood by the court. This well-established rule of law has long been recognized by [the Mississippi Supreme Court]....
We, therefore, are faced with the question as to whether or not the verdict in this case is such that the intent of the jury may be understood in a reasonably clear manner. Both appellant and ap-pellees asked for and received a comparative negligence instruction telling the jury that in the event it found both appellant and appellees negligent, it should reduce appellant’s recovery in proportion to her negligence.
[[Image here]]
Regarding the contention by appellees that the judgment reforming the verdict should stand without a prior request from appellant before discharging the jury, [the Mississippi Supreme Court] *1233 said in Saucier v. Walker, 203 So.2d 299[, 303] (Miss.1967):
The form of the verdict in this case is ambiguous, confusing and improper, and the attorney for the appellant should have requested that the jury be returned to the jury room to reword their verdict and to bring in a verdict in the proper form. In the absence of a request from the appellant’s attorney that this be done, the trial judge on his own motion, should have ordered the jury to return to the jury room to reform and reword their verdict and to bring in a verdict in proper form. In fact this Court placed this responsibility and duty squarely on the shoulders of the trial judge when it said in Universal C.I.T. Credit Corp. v. Turner, supra, [56 So.2d 800 (Miss.1952) ]

“The trial court'was under the duty to see that loss of time and the expense of the trial should not be nullified by the failure of the jury to put their verdict in proper form.”

It is inescapable that the jury by its verdict affirmatively found appellant and •appellee Smith negligent; this after being instructed to reduce any recovery appellant was entitled to receive by the extent of her negligence. The verdict and the comparative negligence instructions were inconsistent. Under the above quoted authorities, the lower court should have returned the jury to its room to further deliberate on a proper verdict. It was error to find from the verdict returned that the jury intended to find for the defendants under the instructions it had received.
Harrison, 379 So.2d at 518-19 (emphasis added and internal citations omitted).
¶ 27. What the jury did here is strikingly similar to what the jury did in Harrison. There, the jury found both the plaintiff and the defendant negligent; yet the jury assessed no damages. Here, the jury found that all parties were liable — the plaintiff, Bartley-Rice, and the two defendants — but assessed no damages. As noted, our supreme court instructed that despite the failure of the attorney for the appellant to request that the jury be returned to the jury room to bring in a verdict in proper form, the trial court had erred in failing to do so because the responsibility for making sure a proper verdict is returned lies with the trial court.
¶ 28. In our case, the trial court had already determined that the verdicts were not inconsistent before conferring with the attorneys. This is not to say that the trial court could not have been persuaded otherwise if Bartley-Rice’s attorney had stated that he thought otherwise. Nevertheless, it should be noted that even after both attorneys left it to the trial court to get it right, the judge opined: “The end result is the same.” I cannot know for certain what the judge meant by this statement, but it appears that the judge may have been saying that even if she sent the jurors back with instructions to put their verdict in the proper form, they would return with a verdict for the defendants, because that is what they had already done. No matter what the judge believed, the jury did not return a clear verdict for the defendants.
¶ 29. For the foregoing reasons, I dissent. I would reverse and remand this case for a new trial.
JAMES, J„ JOINS THIS OPINION IN PART.

. It appears that the jury initially marked "Yes” but subsequently found otherwise, and the foreman initialed the changes.